# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

### No. 24-1239

---

### JOHN ALEXANDER,

Appellant

v.

### B. MYERS, *et al.*

---

### APPELLEES' ARGUMENT IN SUPPORT OF DISMISSAL

---

APPEAL FROM THE JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
ENTERED JANUARY 16, 2024

|  |  |
|---|---|
|  | MICHELLE A. HENRY<br>*Attorney General* |
| Office of Attorney General<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>Phone: (717) 857-2184<br>FAX: (717) 772-4526 | BY: MICHAEL J. SCARINCI<br>*Senior Deputy Attorney General*<br><br>SEAN A. KIRKPATRICK<br>*Chief Deputy Attorney General* |
| DATE: May 16, 2024 | *Chief, Appellate Litigation Section* |

# ARGUMENT

Dismissal of this appeal is warranted under this Court's local rule 107.2. On March 14, 2024, this Court's Clerk of Court issued a letter directing counsel for appellant John Alexander to file certain mandatory forms within fourteen days. Dkt. 10. The Clerk of Court warned Alexander, in bold capital letters, that "**IF YOU FAIL TO COMPLY, THE CASE WILL BE DISMISSED PURSUANT TO 3d Cir. L.A.R. MISC. 107.1(b) and/or 107.2(a).**" *Ibid.* (emphasis in original).

It is now almost two months later and Alexander has failed to comply, ignoring the Clerk of Court's order. For orders to have any meaning, they must be enforced. Otherwise, parties will pick-and-choose which orders to follow. Here, the Clerk of Court did not say the appeal *may* be dismissed if Alexander failed to comply, but rather the case *will* be dismissed. Under the clear language of the Clerk of Court's directive and local rule 107.2(a), this appeal should be dismissed for failure to prosecute. *See e.g. Green Tree Serv., LLC v. Cargille*, No. 19-1437, 2019 WL 4123504, *1 (3d Cir. 2019).

Alternatively, this Court should certainly not summarily reverse the district court's judgment, as Alexander requests. Summary reversal of a lower court's judgment is an "extraordinary remed[y]" reserved for unique cases. *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978). That extraordinary remedy is not warranted here.

In his amended complaint, Alexander raised numerous claims: (1) First Amendment access to courts; (2) First Amendment interference with mail; (3) First Amendment claim involving telephoning his family; (4) First Amendment retaliation; (5) Eighth Amendment claim involving Restrict Housing Unit (RHU) placement; (6) Eighth Amendment excessive force; (7) Fourth Amendment cell search; (8) Fourteenth Amendment due process; (9) Fourteenth Amendment substantive due process; and (10) violations of state law. Opinion at 12-33.[1] Alexander has abandoned all of these claims on appeal but one—the First Amendment retaliation claim. See Dkt. 12 at 1-4.

In his Argument in Support of Appeal, Alexander argues that the district court "blatantly erred" in dismissing his First Amendment retaliation claim. Dkt. 12 at 1. And yet, Alexander cites no authority for this blanket statement. In fact, he cites no authority at all, save for the district court's decision below. See Dkt. 12 at 1-4. A bald *ipsa dixit* declaration of the law is woefully insufficient to warrant the "extraordinary remed[y]" of summary reversal. *See* Fed.R.App.P. 28(a)(8)(A) (requiring the argument section of a brief to cite to authorities in support thereof).

Alexander's argument also falls apart on closer review. For example, in support of his First Amendment retaliation claim, Alexander relies heavily on

---

[1] Appellees will cite to the district court's January 16, 2024, opinion as "Opinion" followed by the original page number.

2

allegations in his amended complaint that Officer Greenleaf stated he inferred with Alexander's ability to file in forma pauperis (IFP) documents in *Alexander v. Cumberland County, PA*, 3:19-cv-947 (M.D. Pa.). Dkt. 12 at 1-3; Am. Compl. at 8 ¶37; 9 ¶40. Those allegations, however, do not save his retaliation claim.

In order to establish illegal retaliation for engaging in protected conduct, Alexander was required to allege: (1) constitutionally protected conduct; (2) that he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him. *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). Mere interference with the mail is insufficient to establish an adverse action. See *Huertas v. Sobina*, 476 F.App'x 981, 984 (3d. Cir. 2012).

In his Amended complaint, Alexander alleged that on June 25, 2019, he submitted an IFP form that was never mailed to the district court. Am. Compl. at 5. When he attempted to submit "a new set of originals, identical to those described . . . above[,]" on July 11, 2029, that second IFP form was also allegedly not mailed. *Id.* at 6. Alexander alleged that both sets of forms were interfered with by security officers. *Ibid.*

These allegations, however, are directly contradicted by the district court's docket in 3:19-cv-947. That docket reveals that the IFP forms he submitted in June 2019 *were received by the district court* on July 8, 2019. 3:19-cv-947 dkt. 9.

3

Although the forms were signed by Alexander, they were not complete. *Ibid.* And his IFP request was not on the correct Middle District form. *Ibid.* Therefore, the district court issued an order on July 10, 2019, directing Alexander to resubmit the attached correct form containing all necessary information. 3:19-cv-947 dkt. 10.

Alexander failed to comply with this order, and the district court dismissed his case. 3:19-cv-947 dkt. 11. Alexander makes no allegations in his amended complaint that he attempted to comply with the district court's July 10, 2019, order, but was thwarted by prison staff. *See generally*, Am. Compl. at 4-7. In fact, he makes no allegations that he attempted to file anything after July 11th but was prevented from doing so. He certainly does not explain why he made no attempt to file these forms with his motion to reopen the case in October 2019, which was the basis for the district court's denial of that motion. 3:19-cv-947 dkt. 14, 17.

As for the other alleged adverse actions, Alexander does not sufficiently plead facts—beyond bald declaratory statements—demonstrating that those actions were in retaliation for protected conduct. And the district court correctly recognized that those actions, which occurred more than a year and a half after the alleged constitutional conduct, were not so temporally suggestive as to establish a causal link. Opinion at 21 (citing *Williams v. Phila. Housing Authority Police Dept.*, 380 F.3d 751, 760 (3d Cir. 2004)). The district court correctly dismissed Alexander's amended complaint.

# CONCLUSION

For these reasons, the Court should dismiss this appeal under Local Rule 107.2(a).

        Respectfully submitted,

        MICHELLE A. HENRY
        Attorney General

By:   */s/ Michael J. Scarinci*

        MICHAEL J. SCARINCI
        Senior Deputy Attorney General
        Bar No. 323816 (Pa.)

        SEAN A. KIRKPATRICK
        Chief Deputy Attorney General
        Chief, Appellate Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 857-2184
FAX:   (717) 772-4526

DATE: May 16, 2024

# CERTIFICATE OF SERVICE

I, Michael J. Scarinci, Senior Deputy Attorney General, do hereby certify that I have this day served the foregoing Appellee's Argument In Support Of Dismissal, via electronic service, on the following:

>Samuel Weiss
>RIGHTS BEHIND BARS
>sam@rightsbehindbars.org
>(*Counsel for Appellant*)

>/s/ Michael J. Scarinci
>────────────────────────
>MICHAEL J. SCARINCI
>Senior Deputy Attorney General

DATE: May 16, 2024